UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THERESA BAILEY,

                        Plaintiff,

– against –

NEW YORK LAW SCHOOL, ANTHONY CROWELL, DAVID SCHOENBROD, ELLA MAE ESTRADA, and BARBARA GRAVES-POLLER,

                        Defendants.

**OPINION AND ORDER**

16 Civ. 4283 (ER)

Ramos, D.J.:

    In this case, Plaintiff Theresa Bailey, proceeding *pro se*, alleges that the defendants, New York Law School and members of its faculty, failed to adequately respond to her report of a sexual attack committed by another student and retaliated against her for reporting the attack. On July 11, 2018, the parties appeared before Magistrate Judge Cott for a conference to address certain discovery disputes. Doc. 88. At that conference, Judge Cott instructed the parties that they must complete their document production by August 1, 2018, and that they could not rely on documents not produced by them by the deadline. Doc. 88 17:4–11; 3:3–15. On August 24, 2018, Defendants informed Judge Cott that, in her cover letter attached to the documents she produced on August 1st, Plaintiff informed Defendants that those documents do not "contain the entire universe of facts and evidence on which [she] relies[,] but a complete record of such evidence will be made available to [Defendants] no later than the October 1, 2018 deadline [for the close of discovery]." Doc. 90 at 1; *id.* Ex. B at 1. Bailey was deposed on September 4, 2018. Doc. 90 at 2. Defendants thus moved for an order precluding Bailey from relying upon any

documents she failed to provide to them by the date of her scheduled deposition. *Id*. Judge Cott granted that motion. Doc. 93.

On September 19, 2018, Bailey informed the Court that she intended to file an objection to Judge Cott's order, but could not do so within the 14-day window under Rule 72(a) of the Federal Rules of Civil Procedure because she was sick. Doc. 94. The Court thus granted her an extension of her time to object to Judge Cott's order to December 7, 2018. Doc. 97. Bailey electronically filed an objection on December 7, 2018, but made her objections viewable only to court staff, not the public. Doc. 98. As a result, Defendants did not receive her objections. Upon order of the Court, the Clerk of the Court made Bailey's objections publicly viewable on January 7, 2019. Doc. 101.

When a party files an objection to a magistrate judge's order on a non-dispositive mater, the district judge reviewing the order must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Discovery matters are generally considered non-dispositive. *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). An order is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Palmer v. Reader's Digest Ass'n, Inc.*, 1995 WL 686737, at *1 (S.D.N.Y. Nov. 20, 1995) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also Khaldei v. Kaspiev*, 961 F. Supp. 2d 572, 575 (S.D.N.Y. 2013). And it is contrary to law when "it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Khaldei*, 961 F. Supp. 2d at 575. This is a heavy burden for the objector, especially in the context of discovery disputes. *U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc.*, 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007).

Judge Cott's order was not contrary to law. The law grants district courts wide latitude to sanction parties for failing to obey discovery orders and deadlines, *see* Fed. R. Civ. P. 37(b)(2), latitude that includes the action taken here, precluding Bailey from relying on documents about which Defendants had no chance to depose her. Nor was it clearly erroneous. Judge Cott made it clear to the parties, and the parties agreed, that document production had to be completed by August 1, 2018, even if the deadline for the completion of all discovery was extended to October 1, 2018. *See* Doc. 88, 17:4–15, 32:4–11. It was reasonable for Judge Cott to preclude Bailey from relying on any documents that Bailey failed to submit by her deposition, weeks after the clear discovery deadline he put in place. Indeed, in her objection to Judge Cott's order, Bailey accuses Judge Cott of exhibiting prejudicial and biased behavior towards her during the discovery process,[1] but does not identify any deficiencies with the merits of Judge Cott's order.

For the foregoing reasons, Bailey's objection is overruled and Magistrate Judge Cott's order, Doc. 93, is affirmed in its entirety.

SO ORDERED.

Dated: January 9, 2019
New York, New York

_____
Edgardo Ramos, D.J.

---

[1] On October 16, 2018, Bailey sent a letter complaining of misconduct by Judge Cott to the Judicial Council of the Second Circuit. Doc. 98 Ex. A.